UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PEDRO A. HERNANDEZ, | ) | CASE NO. 4:05 CV 0806 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| WARDEN T.R. SNEIZEK, | ) | <u>AND ORDER</u> |
| | ) | |
| | ) | |
| Respondent | ) | |

On March 29, 2005, petitioner <u>pro se</u> Pedro Antonio Hernandez filed the above-captioned petition against Warden T.R. Sneizek [sic] at the Federal Correctional Institution in Elkton, Ohio (FCI Elkton) pursuant to 28 U.S.C. § 2241.[1] Mr. Hernandez, who is presently confined in FCI Elkton, states that the Bureau of Prisons (BOP) abused its discretion when it denied him "proper time credit."

**Background**

According to Respondent, Mr. Hernandez was convicted in New York State court on June 28, 2001 of selling a controlled substance. He was sentenced to a term of 2-4 years imprisonment. Two

---

[1] The correct spelling for the Warden at FCI Elkton is Sniezek, not Sneizek.

months after his conviction, he was "interviewed" at the Ulster Correctional Facility in Napanoch, New York by an agent from the Immigration and Naturalization Service (I.N.S.).

Mr. Hernandez alleges he was "brought" to the Southern District of New York on September 3, 2002. He was arraigned on federal charges of violating 18 U.S.C. §1326(A),(B) and (C). The United States District Court sentenced Mr. Hernandez to 77 months in prison on March 27, 2003. He claims that on or about September 2004 he "began the Administrative Remedy Process, and was denied by the Region." (Pet. at 2.)

In his habeas petition before this court, it is Mr. Hernandez's position that the BOP violated his right to due process by declining to comply with a March 17, 2003 order issued by a district court judge. He alleges that because the I.N.S. discovered his crime of "re-entry" on August 6, 2001, he is entitled to credit on his sentence from that date on. He adds that the district court judge stated: "Federal Sentence ordered to run concurrent with the state sentence." (Pet. at 3.) Although this order is not attached to the petition, Mr. Hernandez asserts that the judge wanted his federal sentence to run concurrently with his state sentence. He demands that the BOP correct its sentence computation to reflect the court's alleged pronouncement.

## 28 U.S.C. § 2241

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). However, a federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief.

Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). Although Mr. Hernandez states that he "began the Administrative process and was denied by the Region," there is no attachment or explanation in the petition which addresses the basis upon which the BOP denied his request. Furthermore, there is no indication that he exhausted remedies that are available to him beyond the regional director. Thus, he has not shown that he exhausted his administrative remedies before requesting habeas relief in this court.

Based on the foregoing, this action is dismissed without prejudice for failing to exhaust administrative remedies. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 2253.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 31, 2005